FILED
18 AUG 09 PM 1:34

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-20110-1 SEA

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| CLINTON E. CASEY,<br><br>    Plaintiff,<br><br>    v.<br><br>**ALCOA CORPORATION,** formerly ALCOA INC.;<br>**ARCONIC, INC.**; and<br>**METROPOLITAN LIFE INSURANCE COMPANY**,<br><br>    Defendants. | NO.<br><br>COMPLAINT FOR PERSONAL INJURIES |

## I.   INTRODUCTION

1.1.   This is a complaint for personal injuries caused by exposure to asbestos fibers, resulting in mesothelioma, an invariably fatal cancer of the lining of the lung.

## II.   PARTIES

2.1.   Plaintiff Clinton E. Casey, resides in East Wenatchee, Washington.

2.2.   Defendant **ALCOA, Corporation**, formerly known as ALCOA, Inc., is a Pennsylvania corporation conducting business in Washington State.

2.3.   Defendant **Arconic, Inc.**, is a Pennsylvania corporation conducting business in Washington State.

2.4.    Defendant **Metropolitan Life Insurance Company**, and/or its predecessor(s)-in-interest, was and is a Delaware corporation which conspired with other manufacturers of asbestos products to hide the fact that breathing asbestos fibers causes cancer.

### III.    JURISDICTION

3.1.    This Court has jurisdiction over this cause pursuant to RCW 4.12.025 because, at all times relevant herein, defendants transacted business and/or may be served with process in King County, Washington.  This Court has specific jurisdiction over all nonresident defendant named in this cause because each nonresident defendant purposefully performed acts or consummated transactions in Washington state; Plaintiffs' cause of action arises out of and/or relates to defendants' activities and/or transactions in Washington; and assumption of jurisdiction by this Court does not offend traditional notions of fair play and substantial justice

### IV.    FACTUAL ALLEGATIONS

4.1.    From 1963 to 1970, Clinton Casey worked at Alcoa, Inc. in Malaga, Washington. During his employment at Alcoa, he worked with and around asbestos containing products from various sources and inhaled asbestos fibers into his lungs.

4.2.    Defendant Alcoa, Inc. has been aware of the human health risks associated with asbestos since the 1940s.  During the time that Clinton Casey was exposed to asbestos at Alcoa. Alcoa possessed actual knowledge that asbestos exposure was certain to cause injury to exposed employees, yet deliberately disregarded said knowledge.

4.4.    Alcoa failed to take appropriate steps to prevent Clinton Casey from inhaling asbestos products or warn him of asbestos hazzards, causing Plaintiff to be exposed to fibers emanating from the asbestos products he worked with and around.  As a result, Clinton Casey has contracted asbestosis.

4.5. In October 2017, Clinton Casey was diagnosed with asbestosis. Clinton Casey's asbestosis was proximately caused by the asbestos exposure he sustained while working at Alcoa.

## V.   LIABILITY

5.1. Plaintiff claims liability against defendant Metropolitan Life Insurance Company based upon the theories of product liability, negligence; conspiracy; strict product liability under Section 402A of the Restatement of Torts. The liability-creating conduct of defendants consisted, <u>inter alia</u>, of negligent and unsafe design; failure to inspect, test, warn, instruct, monitor and/or recall; failure to substitute safe products; marketing or installing unreasonably dangerous or extra-hazardous and/or defective products; marketing or installing products not reasonably safe as designed; marketing or installing products not reasonably safe for lack of adequate warning and marketing or installing products with misrepresentations of product safety.

5.2. Plaintiff claims liability against defendant Alcoa, Inc. based upon the theories of negligence; willful or wanton misconduct; knowing and willful disregard for the welfare of employees contrary to statutory duties to maintain a safe workplace under Washington law; and any other applicable theory of liability. Defendant Alcoa, Inc. failed to comply with state and federal regulations governing workplace safety to protect employees and their families from being exposed to workplace toxins known at that time to be lethally carcinogenic. Alcoa's actions meet the requirements set forth in Washington to defeat employer immunity for injury to employees under the *Birklid* standard.

## VI.   DAMAGES

6.1. As a proximate result of defendants' tortious conduct, plaintiff Clinton E. Casey sustained pain, suffering and disability in an amount not now known, but which will be proven at

1  trial. Plaintiff Clinton E. Casey also sustained medical expenses and economic losses in an
2  amount to be proven at trial.
3       WHEREFORE, plaintiff prays for judgment against the defendants and each of them as
4  follows:
5       1.   For general and special damages specified above, including pain, suffering, loss
6  of spousal and/or parental relationship and disability;
7       2.   For medical and related expenses, and economic loss, all of which will be proven
8  at the time of trial;
9       3.   For plaintiffs' costs and disbursements herein;
10      4.   For prejudgment interest in the amount to be proven at trial; and
11      5.   For such other relief as the Court deems just.
12
13      DATED this 9th day of August, 2018.
14                          BERGMAN DRAPER OSLUND, PLLC
15
16      By   /s/ Matthew P. Bergman
            Matthew P. Bergman, WSBA #20894
            Justin Olson, WSBA #51332
17          821 2nd Avenue, Suite 2100
            Seattle, WA 98104
18          Phone: (206) 957-9510
            Fax: (206) 957-9549
19          Email: matt@bergmanlegal.com
                   justin@bergmanlegal.com
20          Attorneys for Plaintiff
21
22
23

COMPLAINT FOR PERSONAL INJURIES - 4

BERGMAN DRAPER OSLUND
821 2ND AVENUE, SUITE 2100
SEATTLE, WA 98104
TELEPHONE: 206.957.9510