UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLINTON E. CASEY,

        Plaintiff,

v.

ALCOA CORPORATION; ARCONIC, INC; and METROPOLITAN LIFE INSURANCE CO.,

        Defendants.

C18-1358 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant Arconic, Inc.'s Motion to Dismiss, docket no. 3, is DENIED. Plaintiff has pled facts which, taken as true, state a claim for relief under Washington's Industrial Insurance Act. Contrary to Defendant's position, the Washington Supreme Court's decision in *Walston v. Boeing Co.* does not stand for the proposition that "a claim based on an asbestos-related disease cannot satisfy the [actual knowledge of certain injury test] as a matter of law" (Def.'s Mot. to Dismiss, docket no. 3 at 2), nor does it require an "allegation on the medical certainty of injury from asbestos exposure" (Def.'s Reply, docket no. 16 at 4). Rather *Walston* held, after discovery, that "[a]s the experts in this case acknowledge, asbestos exposure is not certain to cause mesothelioma or any other disease" and "Walston has not raised an issue of material fact as to whether [defendant] had *actual knowledge* that injury was *certain to occur*." *Walston v. Boeing Co.*, 181 Wash.2d 391, 397 (2014). *Walston* and the other Washington cases Defendant cites were decided on summary judgment after discovery and the development of evidence. *See, e.g.*, *Shellenbarger v. Longview Fibre Co.*, 125 Wash. App. 41, 49 (2004) (affirming summary judgment against plaintiff where "[w]e know now that asbestos exposure does not result in injury to every person, *and the evidence does not suggest [defendant] believed otherwise 30 years ago*") (emphasis added). The only case Defendant identifies that was decided on a motion to dismiss is *Hornsby v. Alcoa, Inc.*, an

MINUTE ORDER - 1

unpublished Ninth Circuit memorandum opinion upholding dismissal where plaintiff alleged the Defendant was aware that injury was certain to occur and "was aware of various medical studies and testimony that showed it was 'biologically plausible for aluminum particles to cause pulmonary fibrosis,' and 'exposure to aluminum powder is thought to be directly correlated with the development of pulmonary fibrosis in aluminum industry workers.'" 715 Fed. Appx. 642, 643 (9th Cir. 2017). There is no comparable allegation in Plaintiff's pleadings suggesting that it is merely "plausible" that there is a connection between exposure and injury. Hornsby himself did not know he was injured until years after he left Alcoa. The *Hornsby* court properly concluded it was not plausible that his employer would have known. In contrast, Plaintiff in this case has alleged that injury was certain, and that Defendant "possessed actual knowledge that asbestos exposure was certain to cause injury to exposed employees, yet deliberately disregarded said knowledge." Complaint, docket no. 1-3 ¶ 4.2; *see also id.* ("Defendant Alcoa, Inc. has been aware of the human health risks associated with asbestos since the 1940s.").

(2) Defendant Arconic, Inc.'s Motion for Protective Order, docket no. 14, is GRANTED in part and DENIED in part. Plaintiff's request was served prior to a Rule 26(f) conference in violation of Federal Rule of Civil Procedure 26(d). Defendant's Motion for Protective Order is GRANTED without prejudice to Plaintiff re-serving his requests at the appropriate time. Defendant's Motion is DENIED to the extent it seeks costs and fees associated with bringing the motion. Plaintiff reasonably believed discovery into Defendant's knowledge regarding the certainty of injury might be necessary to avoid dismissal and propounded requests on that topic. Declaration of Justin Olson, docket no. 13, Ex. 1 at 3-6. Moreover, Plaintiff offered to extend the deadline for responding to discovery requests until after the Court ruled on the pending motion to dismiss, and also attempted to discuss other matters required by Federal Rule of Civil Procedure 26(f). Defendant terminated the discussion, rather than seeking an agreement to hold the conference at a later time after the Court ruled on the pending motion. Therefore, to the extent Defendant was prejudiced by the early discovery requests, Defendant failed to take appropriate steps to avoid or mitigate any injury. In any event, the Court has already entered an order regarding initial scheduling dates, docket no. 20, which requires the parties to conduct their Rule 26(f) conference on or before December 3, 2018. Once that conference has been conducted, the parties may serve discovery in compliance with the Federal Rules and this Court's Local Rules.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 16th day of November, 2018.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2