UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLINTON E. CASEY,

          Plaintiff,

  v.

ALCOA CORPORATION, et al.,

          Defendants.

C18-1358 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The Court has reviewed Plaintiff's Motion to Compel, docket no. 25, the Declaration of Justin Olson, docket no. 26, Defendant Arconic, Inc.'s Response, docket no. 27, the Declarations of Mark B. Tuvim and Kevin J. Craig, docket nos. 28 and 29, the Supplemental Declaration of Justin Olson, docket no. 30, and Plaintiff's Reply, docket no. 31. Plaintiff's Motion to Compel, docket no. 25, is GRANTED in part as follows:

    (a) The Court has previously rejected Defendant's argument that claims of asbestos-related injury under the Industrial Insurance Act require actual knowledge of certain injury at the pleading stage. *See* Minute Order, docket no. 21. The Washington Supreme Court held in *Walston v. Boeing Co.*, 181 Wn.2d 391 (2014) that proof of knowledge of certain injury was required after discovery and expert testimony. Here, Plaintiff is seeking discovery related to that topic.

    (b) Arconic, Inc. is ORDERED to respond to Plaintiff's Interrogatories Nos. 1-4, but Defendant may limit its responses to employees at the Alcoa Wenatchee Works and may use pseudonyms or numbers in place of employee names. Defendant has not demonstrated how disclosure of this information "identifies or can readily be associated with the identity of a patient" in a way that

MINUTE ORDER - 1

would violate HIPAA or the Washington Uniform Health Care Information Act. RCW 70.02.010(17); *see also* 45 CFR 160.103 ("Protected health information means individually identifiable health information"). Plaintiff's requests for information related to other facilities is not proportional to the needs of the case due to the burden and expense it would impose on Defendant relative to the potential importance of that information to the issues in this case. Fed. R. Civ. P. 26(b)(1).

(c) Arconic, Inc. is ORDERED to produce documents responsive to Plaintiff's Request for Production No. 4, but Defendant shall redact any names, addresses, social security numbers, and/or dates of birth appearing on any of those documents to ensure the information in the documents cannot be used to link patient identities to other medical information.

(d) Arconic, Inc. is ORDERED to produce workers compensation records in response to Plaintiff's Request for Production No. 2, but may limit responses to employees at the Alcoa Wenatchee Works and Defendant shall redact any names, addresses, social security numbers, and/or dates of birth appearing on any of those documents to ensure the information in the documents cannot be used to link employee identities to other medical information. Plaintiff's requests for information related to other facilities is not proportional to the needs of the case due to the burden and expense it would impose on Defendant relative to the potential importance of that information to the issues in this case. Fed. R. Civ. P. 26(b)(1).

(e) Arconic, Inc. is ORDERED to amend its discovery responses to indicate whether it is withholding any documents on the basis of its "General Objections" and if so, to describe the particular facts underlying the objection. The Court reserves any ruling regarding whether Defendants' boilerplate objections should be deemed waived pending Plaintiff's review of the amended responses and supplemental document productions. *See Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 363-64 (D. Md. 2008).

(f) Except as granted by this Minute Order, the Motion is otherwise DENIED.

(g) Because the Court has granted the Motion in part and denied it in part due to the overbreadth and disproportionate burden associated with some of Plaintiff's requests, the parties shall bear their own fees and costs in connection with the Motion. Fed. R. Civ. P. 37(a)(5)(C).

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 25th day of February, 2019.

            William M. McCool
            Clerk

            s/Karen Dews
            Deputy Clerk