UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLINTON E. CASEY,

        Plaintiff,

    v.

ALCOA CORPORATION, et al.,

        Defendants.

C18-1358 TSZ

ORDER

THIS MATTER comes before the Court on Defendant Alcoa's[1] Motion for Summary Judgment, docket no. 75. Having reviewed all papers filed in support of and in opposition to the motion, the Court enters the following order.

**Background**

Plaintiff Clinton E. Casey worked at Alcoa Wenatchee Works, an aluminum manufacturing facility from 1973 until his retirement in 2005. Olson Decl., docket no. 85, Ex. 2 at ¶¶ 2-3. Throughout his tenure at the facility, Casey worked as a utility

---

[1] Alcoa, Inc. changed its name to Arconic, Inc. in 2016. Although Alcoa, Inc. and Arconic, Inc. are named as individual defendants in this action, the names refer to the same entity. For the purposes of this Order, the Court refers to this defendant as "Alcoa."

ORDER - 1

laborer and pot tender. *Id.* As a pot tender, Casey was present while workers dug out pots containing asbestos insulation with jackhammers and shovels. *Id.* at ¶¶ 3, 7. Digging out the pots created dust, which caused employees to cough and cover their faces with bandanas. *Id.* On October 11, 2017, Casey was diagnosed with asbestosis, which he attributed to his exposure to asbestos at the Alcoa facility. Olson Decl., docket no. 85, Ex. 3. On February 8, 2020, Casey passed away. Olson Decl., docket no. 97, Ex. 2.

Alcoa's industrial hygienist stated that Alcoa was aware that asbestos "could be" a hazardous substance as early as the late 1940's. Olson Decl., docket no. 85, Ex. 19 at 30:20-24. From the mid 1960's to the late 1970's, Alcoa became "increasingly concerned about asbestos" as it began to learn more about the risks associated with exposure. *Id.* at 165:19-22. Alcoa was aware that, given sufficient exposure to asbestos, workers could contract asbestosis. *Id.* at 270:8-22.

Casey contends that Alcoa was aware that the asbestos dust levels in its facilities exceeded the recommended threshold limit and that its efforts to protect workers exposed to asbestos dust were insufficient. Olson Decl., docket no. 85, Exs. 23 & 32. Casey cites internal memoranda in which Alcoa industrial hygienists acknowledge the risk associated with asbestos exposure. In one memorandum, Alcoa's chief industrial hygienist stated that "[a]sbestosis, a disease resulting only from breathing asbestos dust, is now recognized as being a significant industrial exposure hazard. Even intermittent exposures to high concentrations, over long periods of time, can result in varying degrees of asbestosis . . . . There have been reports of an increase incidence of lung cancer in persons with asbestosis." Olson Decl., docket no. 85, Ex. 27 at 2. Despite this

acknowledgment, Casey contends that Alcoa management never enforced safety rules or remediation methods and that management downplayed the health risk associated with asbestos exposure.[2] Olson Decl., docket no. 85, Ex. 1 (Casey Dep.) at 181:17-21, 182:19-23, 183:24-184:14, 185:10-15, 188:14-189:1.

Casey also presents records of Alcoa employees who worked at the Wenatchee facility before and during the same period as Casey. These employees presented with possible signs of asbestos disease, such as pleural thickening, pleural plaques, and pleural calcifications, which they attributed to asbestos exposure during their work at Alcoa facilities. Olson Decl., docket no. 85, Exs. 9, 12, & 13.

Casey now alleges that Alcoa intentionally injured him by exposing him to asbestos during his work at the Alcoa Wenatchee facility. Amended Complaint, docket no. 41, ¶ 5.2. Alcoa moves for summary judgment on the basis that Casey's claims are barred by the Washington Industrial Insurance Act (WIIA). Alcoa contends that Casey's claims are barred because he failed to show that Alcoa intended to cause his injuries—a narrow exception to the WIIA's exclusive remedy provision. Specifically, Alcoa contends that Casey failed to provide evidence that (1) Alcoa had actual knowledge Casey was certain to develop asbestosis and (2) it willfully disregarded that knowledge.

---

[2] Alcoa disputes this contention. Alcoa provides support for its assertion that it implemented extensive remedial measures to protect employees and that it adopted stricter asbestos exposure standards than the existing industry and government standards even before Casey began to work at the facility. Craig Decl., docket no. 76, Exs. 6S-V, Ex. 7 at 15 & Ex. 8. Alcoa also states that it sought out non-asbestos substitutes for materials when they were available, provided special work safety equipment for pot room employees, showers to wash off dust, lockers for separating dirty clothes, and a laundry service. Craig Decl., docket no. 76, Ex. 5 (Casey Dep.) at 53:7-54:10 and Exs. 11-19.

ORDER - 3

**Discussion**

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. *Id.* at 255, 257. When the record, however, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. *See Beard v. Banks*, 548 U.S. 521, 529 (2006) ("Rule 56(c) 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

**I.    Washington Industrial Insurance Act**

The Washington Industrial Insurance Act (WIIA) established a compensation system for workplace related injuries and gave employers immunity from civil suits by workers. The Act carved out an exception to the exclusive remedy provision: employers who deliberately injure their employees are not immune from suit. RCW 51.24.020.

## II. Deliberate injury under *Birklid* & *Walston*

In 1995, the Washington Supreme Court analyzed the deliberate injury exception set forth in RCW 51.24.020 in *Birklid v. Boeing*, 127 Wn.2d 853 (1995). Prior to *Birklid*, courts interpreted the deliberate injury exception in RCW 51.24.020 as providing an exception only in cases of an employer's assault and battery against the employee. *Id*. at 862-63. In *Birklid*, Boeing observed employees becoming ill from exposure to chemical fumes but did nothing. *Id.* at 856. Employees that were subsequently injured due to exposure to the same chemical fumes sued Boeing, alleging that it deliberately intended to cause their injuries. *Id.* at 856-58. The *Birklid* court surveyed and rejected tests from other jurisdictions and concluded that the statutory words "deliberate intention . . . to produce such injury" mean more than assault and battery. *Id*. at 862–63. Rather, "deliberate intention" under the WIIA exception "means the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge." *Id*. at 865. The court ultimately concluded that the plaintiffs had produced a sufficient response to justify a trier of fact finding that could constitute deliberate intention. *Id.* at 865-66.

The Washington Supreme Court applied the *Birklid* standard in an asbestos case, *Walston v. Boeing Co.*, 181 Wn.2d 391 (2014). The facts in *Walston* are similar to this case. Walston was exposed to asbestos while working at Boeing and was later diagnosed with mesothelioma. *Id*. at 393. Walston alleged that Boeing deliberately intended to cause his injuries when it exposed him to asbestos during his employment. *Id*. at 395. Walston presented evidence that Boeing was aware of the dangers associated with

asbestos, including memoranda from Boeing's industrial hygiene engineers discussing the risks associated with various levels of asbestos exposure as well as workers' compensation claims for other workers who suffered asbestos-related injuries during the period of Walston's employment. *See Walston v. Boeing Co.*, 173 Wn. App. 271, 275-76 (2013). One of Walston's experts "conceded that asbestos exposure is not certain to cause mesothelioma or any other disease." *Walston*, 181 Wn.2d at 394.

Walston contended that the deliberate intention exception to RCW 51.24.020 was satisfied because Boeing knew that someone, not necessarily the plaintiff, was certain to be injured by exposure to asbestos. The *Walston* court rejected that argument and granted Boeing's motion for summary judgment because "an act that has substantial certainty of producing injury is insufficient to meet" the "deliberate intention standard."[3] *Id.* at 396-97. Further, the court noted that Walston had no evidence (as the *Birklid* plaintiff did) that Boeing had actual knowledge of injury because it did not observe other employees' immediate and visible injury due to asbestos exposure. *Id.* at 397-98.

### III. Defendant Alcoa's Motion

Defendant Alcoa's Motion must be GRANTED. Under the first *Birklid* prong, Casey has not met his burden of showing that Alcoa had actual knowledge that his injury was certain to occur pursuant to RCW 51.24.020. Casey was exposed to asbestos throughout his career. Like *Walston*, Plaintiff's sole expert admitted that asbestos

---

[3] The Washington Supreme Court had previously reached the same result in *Vallandigham v. Clover Park Sch. Dist. No. 400*, 154 Wn.2d 16, 36 (2006).

exposure is never certain to cause disease and that he is not offering any opinions that Plaintiff's exposure to asbestos was certain to cause his disease:

> Q. Doctor, are you offering any opinions regarding whether Mr. Casey's exposure to asbestos was certain to cause asbestosis or any other asbestos-related disease?
> A. No.
> . . . .
> Q. Are you aware of any peer-reviewed literature concluding that exposure to asbestos is certain to cause asbestosis or any other asbestos-related disease?
> A. I'm not.

Craig Decl., docket no. 76, Ex. 1 (Expert Dep.) at 90:10-13, 101:6-10. As a result, like *Walston*, Plaintiff cannot satisfy the first prong of the *Birklid* test on the basis of expert testimony. *Walston*, 181 Wn.2d at 397.

Casey also contends that he satisfies the actual knowledge of injury requirement because Alcoa was aware of worker's compensation claims for asbestos-related diseases and internal memoranda from industrial hygienists regarding the risks associated with asbestos exposure. Specifically, Casey cites to medical records that employees at Alcoa's Wenatchee facility were developing pleural thickening as a result of exposure to asbestos. Casey contends that these supporting documents show that Alcoa was aware of others being injured by asbestos exposure, yet continued to subject Casey to asbestos exposure anyway. Casey contends that his situation is similar to *Birklid* where immediate and visible injury to other workers from chemical exposure showed that the defendant knew that injury to plaintiff, who was exposed to the same chemicals, was certain to occur.

Plaintiff's contentions are misplaced. The *Walston* court rejected all those arguments. *Walston*, 181 Wn.2d at 398. The same must be true here. The supporting documents do not show that Alcoa knew of immediate and visible injury or that Casey

ORDER - 7

was certain to suffer injury. Rather, they show that Alcoa was merely aware of potential risks of asbestos exposure.[4] "Disregard of a *risk* of injury is not sufficient to meet the first *Birklid* prong, *certainty* of actual harm must be known and ignored." *Vallandigham v. Clover Park Sch. Dist. No. 400*, 154 Wn.2d 16, 28 (2005). *See also Shellenbarger v. Longview Fibre Co.*, 125 Wn. App. 41, 49 (2004) ("[T]he relevant inquiry is not whether the employer knew it was performing a dangerous activity, but rather whether the employer knew of certain injury."). Therefore, the WIIA bars Casey's claims against Alcoa.[5]

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendant Alcoa's Motion for Summary Judgment, docket no. 75, is GRANTED, and Plaintiff's claims against Alcoa are DISMISSED with prejudice.

(2) Plaintiff's Motion to Substitute Party, docket no. 94, is STRICKEN as moot.

---

[4] Casey contends that records of Alcoa employees who developed symptoms of pleural plaques or thickening show that Alcoa was aware of certain injury because these symptoms are hallmark indicators of asbestos-related diseases. Casey provides no evidence, however, that these symptoms are certain to result in asbestos-related diseases. *See* Craig Decl., docket no. 76, Ex. 1 (Expert Dep.) at 90:22-91:4. Casey's expert stated that not everyone who gets pleural plaques and asbestosis will develop an asbestos-related or other serious disease. *Id.* at 91:23-92:3. Similarly, the internal Alcoa memoranda Casey cites shows that Alcoa merely recognized that exposure to asbestos *could* cause injury, not that it was certain to occur. *See, e.g.*, Olson Decl., docket no. 85, Ex. 27 at 2 (memorandum recognizing that intermittent exposures to high concentrations of asbestos over long periods of time "can result" in asbestosis).

[5] Because Casey has not met his burden under the first *Birklid* prong to show knowledge of certain injury, the Court does not address the second prong, whether Alcoa willfully disregarded that knowledge. The Court notes that this prong likely presents an issue of fact. The parties dispute whether Alcoa's policies and procedures for remediation and warning employees were adequate. *Compare* Olson Decl., docket no. 85, Ex. 1 (Casey Dep.) at 181:17-21, 182:19-23, 183:24-184:14, 185:10-15, 188:14-189:1 *with supra* note 2.

(3) In light of the settlement of P-G Industries, Inc., docket no. 92, P-G Industries' Motion for Summary Judgment, docket no. 73, is STRICKEN as moot.

(4) The Clerk is directed to send a copy of this Order to all counsel of record, to enter judgment consistent with this Order, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 16th day of March, 2020.

Thomas S. Zilly
United States District Judge

ORDER - 9